# CIRCUIT COURT OF THE CITY OF RICHMOND

Wanda G. Brooks

v.

Kilborn Management Group, Inc., et al.

September 13, 1988

Case No. LM-827-4

By JUDGE RANDALL G. JOHNSON

This case is before the court on defendants' demurrer and plea of the Workers' Compensation Act to plaintiff's motion for judgment. The motion for judgment, which at this stage of the proceedings will be taken as true, alleges that in April, 1987, plaintiff was hired by defendant, Kilborn Management, Inc., as an executive secretary. Defendant, Paul C. Kilborn, president of the company, was plaintiff's immediate supervisor. Shortly after her employment, plaintiff realized that Paul Kilborn had a severe drinking problem. At first, Mr. Kilborn's drinking affected plaintiff's job only to the extent that she was sometimes asked to lie to Mr. Kilborn's family, friends, and business associates in order to conceal his intoxication, and to the extent that plaintiff was sometimes tentative and reluctant about following Kilborn's orders when he was intoxicated. Eventually, Kilborn told plaintiff that he would no longer come to work intoxicated, and that if he ever again was intoxicated in her presence, she was to immediately leave the office with pay until he returned to "normal." It was after plaintiff complied with this directive that the events giving rise to this action commenced.

On November 11, 1987, Kilborn was intoxicated. He was "moody, argumentative, and constantly harassed plaintiff

about her work activities." Plaintiff informed Kilborn that because of his previous directive, she was leaving the office. After that time, Kilborn "began a pattern of intentional harassment against plaintiff," including initiating arguments with plaintiff and ordering her not to answer the telephone. In general, Kilborn's demeanor became "extremely negative, hostile, and abusive." As a result, plaintiff resigned her job on November 23, 1987. Count I of the motion for judgment seeks to state a cause of action for intentional infliction of emotional distress. Count II claims a breach of contract, plaintiff alleging that her employment with Kilborn Management was pursuant to a written contract of employment. Both compensatory and punitive damages are sought.

Defendant's plea of the Workers' Compensation Act goes to Count I of the motion for judgment. In essence, defendants claim that since plaintiff alleges injuries arising out of and in the course of her employment with Kilborn Management, she is precluded from seeking any remedy other than workers' compensation. Defendants' demurrer, in addition to restating defendants' position with regard to the Workers' Compensation Act, argues that Count II of the motion for judgment is deficient in that (1) nothing more than a contract at will can be inferred from the pleadings; (2) no consideration is alleged for Kilborn's promise not to come to work intoxicated; and (3) plaintiff has alleged no facts to support a claim for punitive damages. For the reasons which follow, the plea of the Workers' Compensation Act will be overruled. The demurrer will be sustained as to Count II, but with leave to plaintiff to file an amended motion for judgment, if she be so advised, within twenty-one days.

### 1. *Workers' Compensation Act*

In order for an injury to be compensable under the Workers' Compensation Act, thus precluding recovery at common law, such injury must be "by accident, or occupational disease . . . arising out of and in the course of the employment and . . . not . . . a disease in any form, except when it results naturally and unavoidably from either of the foregoing causes." Va. Code § 65.1-7. Since there is no allegation that plaintiff suffers from any

type of "occupational disease," she is precluded by the Act from bringing this action only if her emotional distress is an "injury by accident" as that phrase is used in the Act. The court does not believe that it is.

The Supreme Court of Virginia has not yet had occasion to determine whether claims of intentional infliction of emotional distress are covered under the Act. Two recent decisions of the United States District Court for the Eastern District of Virginia, however, have specifically addressed the issue. In *Haigh v. Matsushita Electric Corporation of America*, 676 F. Supp. 1332 (E.D. Va. 1987), Judge Spencer held that such a claim *was* covered by the Act, thus precluding a common law action in that court. In *McGreevy v. Racal-Dana Instruments, Inc.*, 690 F. Supp. 468 (E.D. Va. 1988), however, Judge Ellis, faced with the identical issue, held that such a claim was *not* covered by the Act, and overruled the employer's plea. While both opinions are well-reasoned and based on sound, logical extensions of existing Virginia law, this court adopted the analysis and holding of *McGreevy*. Particularly persuasive, in my view, is the fact that the Virginia Act is patterned after the analogous Indiana statute, and Indiana has adopted the majority rule that injuries arising from intentional infliction of emotional distress are *not* covered by workers' compensation. *See Joyce v. A. C. and S., Inc.*, 785 F.2d 1200, 1207 (4th Cir. 1986). Accordingly, defendants' plea of the Workers' Compensation Act will be overruled.

### 2. *Demurrer*

With regard to defendants' demurrer, the court agrees that the motion for judgment does not allege sufficient facts to state a cause of action for breach of contract. While the motion for judgment does state that plaintiff was employed "under a written contract," nowhere is it stated what specific provision or provisions of the contract was or were breached, or even if the contract was for a period of time which included the date on which plaintiff was "constructively discharged." Although only "notice pleading" is required in Virginia, the court does not believe that the allegations regarding the contract here

are sufficient to put defendants on notice of the particular contract provision(s) alleged to have been breached.[1]

Finally, since the court has overruled defendants' plea of the Workers' Compensation Act to plaintiff's claim of intentional infliction of emotional distress, and since punitive damages may be recovered if warranted by the evidence, defendants' demurrer to plaintiff's claim for punitive damages will be overruled.

---

[1] While the demurrer also raises the issue of consideration for Paul Kilborn's promise to stop drinking, the court is not clear as to whether plaintiff seeks to state a cause of action based on a breach of that specific promise as opposed to a breach of the employment contract. In any event, that issue need not be considered in light of the court's sustaining the demurrer on the ground stated above.